# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS PERRY, | CASE NO. 1:12-cv-00312-AWI-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| DR. JOHN GARCIA, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**First Screening Order**

I. **Screening Requirement**

Plaintiff Lewis Perry, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 21, 2012. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II. Discussion

### A. Summary of Allegations

Plaintiff is currently incarcerated at Pleasant Valley State Prison, and he brings this action against Doctor John Garcia, Doctor Freeman, Chief Medical Executive Felix, Chief Executive Officer A. Lonigro, Attorney General Kamala Harris, and Warden R. H. Trimble for violating his rights under the Eighth Amendment of the United States Constitution.

Plaintiff's claims arise out of the ongoing issues he is having with boils that will not heal. Plaintiff alleges that he had four boil-like growths in his groin area. Plaintiff was seen by Defendant Garcia, a surgeon at San Joaquin Valley Hospital (SJVH). On March 30, 2010, Defendant Garcia made four incisions. The incisions were not stitched and the areas remained open and unhealed.

On May 19, 2010, Plaintiff was taken back to SJVH and Defendant Garcia again operated on Plaintiff. Defendant Garcia made deeper incisions because the sites had become infected. Defendant Garcia packed but did not stitch the sites and they subsequently opened up again.

On August 27, 2010, Plaintiff had a third surgery, performed by Defendant Freeman. Defendant Freeman cleaned out the wounds and applied dissolving stitches after Plaintiff asked about having stitches. Once again, however, the wounds opened back up.

1    Plaintiff alleges that the wounds are still open and leaking, and prison doctors have been
2 unable to get him to the right doctors who can correct the problem. Plaintiff also alleges that
3 Defendant Garcia became frustrated with prison officials because they kept returning Plaintiff to him
4 when he had done all he could do and Plaintiff was in need of more serious surgery to correct his
5 problem.

6    **B.    Legal Standard**

7    Under section 1983, Plaintiff must link the named defendants to the participation in the
8 violation at issue. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; Simmons v. Navajo County,
9 Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th
10 Cir. 2009); Jones, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under
11 the theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; Ewing, 588 F.3d
12 at 1235, and administrators may only be held liable if they "participated in or directed the violations,
13 or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th
14 Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567
15 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d
16 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable
17 action or inaction must be attributable to each named defendant. Starr, 652 F.3d at 1205; Jeffers v.
18 Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001); Redman v. County of San Diego, 942 F.2d 1435,
19 1446-47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

20    The Eighth Amendment's prohibition against cruel and unusual punishment protects
21 prisoners not only from inhumane methods of punishment but also from inhumane conditions of
22 confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan,
23 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct.
24 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are,
25 restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan,
26 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).

27    Prison officials have a duty to ensure that prisoners are provided adequate shelter, food,
28 clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.

2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). For claims arising out of medical care in prison, an inmate "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

### C. Failure to Allege Facts Sufficient to Support Eighth Amendment Claim

Defendants Garcia and Freeman work for an outside medical provider, and assuming without deciding that they acted under color of law as state contract providers, see e.g., Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295, 121 S.Ct. 924 (2001); Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 954-55 (9th Cir. 2008), there are no factual allegations supporting a claim that they knowingly disregarded an excessive risk of harm to Plaintiff's health. The fact that Plaintiff's surgeries were not successful does not render Defendants Garcia and Freeman liable under section 1983. There is no suggestion that either Defendant committed any misconduct, let alone misconduct sufficient to support a claim of deliberate indifference.

Similarly, there are no facts pled which support a claim against Defendants Felix, Lonigra, Harris, and Trimble. "The deliberate indifference doctrine is limited in scope," Wilhelm, 680 F.3d at 1122, and neither a disagreement over the course of treatment nor medical malpractice will support a claim, Snow v. McDaniel, 681 F.3d 978, 987-88 (9th Cir. 2012). Rather, Plaintiff must allege facts supporting a claim that each named defendant knowingly disregarded an excessive risk of harm to his health. Snow, 681 F.3d at 985. While open wounds which will not heal are sufficient to meet the objective element of an Eighth Amendment claim, Plaintiff has not met the subjective

///

element, which requires him to show that the named defendants acted with deliberate indifference to his serious medical need. Snow, 681 F.3d at 985; Wilhelm, 680 F.3d at 1122.

### III.    Conclusion and Order

Plaintiff's complaint fails to state a claim under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, __ F.3d __, __, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

**Dated:    October 2, 2012**                    **/s/ Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE