# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS PERRY,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. JOHN GARCIA, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:12-cv-00312-AWI-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 12)<br><br>THIRTY-DAY OBJECTION DEADLINE |

**Findings and Recommendations Following Screening of Amended Complaint**

**I.    Screening Requirement and Standard**

Plaintiff Lewis Perry, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 21, 2012.  On October 3, 2012, the Court screened Plaintiff's complaint and dismissed it, with leave to amend, for failure to state a claim under section 1983.  Plaintiff filed an amended complaint on October 31, 2012.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Discussion

### A. Summary of Allegations

Plaintiff is currently incarcerated at Pleasant Valley State Prison, and he brings this action against Doctor John Garcia, a general surgeon; Doctor Freeman, a plastic surgeon; and Warden R. H. Trimble for violating his rights under the Eighth Amendment of the United States Constitution.

In his amended complaint, Plaintiff alleges that Defendant Garcia had "full knowledge of the end result of an incomplete surgical procedure such as in [Plaintiff's] case [which] could result in a real and true d[e]trimental condition" such as Plaintiff suffers to date.[1] (Doc. 12, Amend. Comp.,

---

[1] Plaintiff's amended complaint contains less detail than his original complaint, and therefore, the Court takes judicial notice of its prior screening order, in which it stated, "Plaintiff's claims arise out of the ongoing issues he is having with boils that will not heal." (Doc. 11, Order, 2:19.)

2

p. 3.) Plaintiff alleges that as of October 11, 2012, a new, corrective surgery is needed to stop the ongoing infection, which will render him sterile.

Plaintiff alleges that these events are a direct result of Defendant Garcia's lack of professionalism and that Defendant Freeman should also be held responsible because he played a large part in the events. Plaintiff alleges that the wounds were not surgically cleaned or properly closed by Defendant Garcia, and the situation now requires additional surgery at great pain to Plaintiff.

Finally, Plaintiff alleges that Defendant Trimble violated his rights under the Eighth Amendment and while he may not allege the facts professionally, the end result of his previous surgery is proof.

**B.     Legal Standard**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

///

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [her] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122. Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096) (internal quotation marks omitted).

### C. Failure to Allege Facts Sufficient to Support Eighth Amendment Claim

Defendants Garcia and Freeman presumably work for an outside medical provider, and assuming without deciding that they acted under color of law as state contract providers, see e.g., Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295, 121 S.Ct. 924 (2001); Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 954-55 (9th Cir. 2008), there are no factual allegations supporting a claim that they knowingly disregarded an excessive risk of harm to Plaintiff's health and Plaintiff's amended complaint is entirely devoid of facts suggesting that Defendant Trimble acted with deliberate indifference. That Plaintiff's initial surgery was not successful does not render Defendants liable under section 1983. Assuming that Defendant Garcia failed to clean and close the surgical site properly, as alleged, these failures would amount to medical malpractice at most and an Eighth Amendment claim may not be premised on even gross negligence by a physician. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990); accord Snow, 681 F.3d at 987-88.

"The deliberate indifference doctrine is limited in scope," Wilhelm, 680 F.3d at 1122, and neither a disagreement over the course of treatment nor medical malpractice will support a claim,

4

Snow, 681 F.3d at 987-88.  Rather, Plaintiff must allege facts supporting a claim that each named defendant knowingly disregarded an excessive risk of harm to his health.  Snow, 681 F.3d at 985. While infected wounds which will not heal constitute a serious medical need, Plaintiff's factual allegations do not support a claim that Defendants Garcia, Freeman, and Trimble acted with deliberate indifference toward his medical needs.  Snow, 681 F.3d at 985; Wilhelm, 680 F.3d at 1122.

**III.     Conclusion and Recommendation**

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under section 1983.  Plaintiff was previously given notice of the deficiencies and leave to amend, and given the nature of the deficiencies at issue, further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 22, 2013**              /s/ Sheila K. Oberto
                                                                UNITED STATES MAGISTRATE JUDGE