# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS PERRY, | Case No.  1:12-cv-00312-AWI-SKO PC |
| Plaintiff, | ORDER DIRECTING SECOND AMENDED COMPLAINT BE FILED, FINDING SERVICE OF SECOND AMENDED COMPLAINT APPROPRIATE ON EIGHTH AMENDMENT CLAIM AGAINST NGUYEN, AND DISMISSING OTHER CLAIMS AND DEFENDANTS, WITH PREJUDICE |
| v. | |
| JOHN GARCIA, et al., | |
| Defendants. | |
| | (Doc. 20) |
| _____/ | |

## I.    Procedural History

Plaintiff Lewis Perry, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 21, 2012.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 3, 2012, the Magistrate Judge dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim.  Plaintiff filed an amended complaint on October 31, 2012, and on January 23, 2013, the Magistrate Judge issued findings and recommendations recommending dismissal of this action, with prejudice, for failure to state a claim.  On May 16, 2013, after obtaining two extensions of time, Plaintiff filed objections and submitted a proposed second amended complaint, which was lodged.

///

1   At this juncture in the proceedings, Plaintiff has the right to amend once as a matter of

2   course and therefore, his second amended complaint shall be filed, rendering moot his objections

3   and the findings and recommendations to which those objections were directed.  Fed. R. Civ. P.

4   15(a)(1).

5   **II.**      **Screening Order**

6             **A.**      **Statutory Screening Requirement**

7        The Court is required to screen complaints brought by prisoners seeking relief against a

8   governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

9   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

10  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that

11  seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),

12  (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

13  shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to

14  state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

15            **B.**      **Eighth Amendment Claim**

16                 **1.**      **Allegations**

17       Plaintiff seeks to impose liability on Doctors Nguyen, Garcia, and Freeman; Chief Medical

18  Officer Lonigro; Warden Trimble; and Does 1-25 for violating his right to medical care under the

19  Eighth Amendment of the United States Constitution.  At the time of the events in question,

20  Plaintiff was incarcerated at Pleasant Valley State Prison in Coalinga, California.  Plaintiff is now

21  at California Medical Facility in Vacaville, California.

22       As recognized by the Magistrate Judge in both prior screening orders, Plaintiff's allegation

23  that he suffers from chronic, painful boils which become infected and fail to heal is sufficient to

24  support the existence of a serious medical condition.  *Wilhelm v. Rotman*, 680 F.3d 1113, 1122

25  (9th Cir. 2012).  However, to state a viable Eighth Amendment claim, Plaintiff must also allege

26  facts showing that each of the named defendants knew of and disregarded Plaintiff's medical

27  needs, causing him harm.  *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); *Estelle*

28  ///

1  *v. Gamble*, 429 U.S. 97, 104-06, 97 S.Ct. 285 (1976); *Wilhelm*, 680 F.3d at 1122; *Jett v. Penner*,

2  439 F.3d 1091, 1096 (9th Cir. 2006).

3      At the time Plaintiff was transferred to Pleasant Valley State Prison, he was suffering from

4  chronic, painful boils which would open and drain pus.  After prison physicians were unsuccessful

5  in treating Plaintiff conservatively via topical ointments and dressing changes, they referred

6  Plaintiff to Defendant Garcia at San Joaquin Community Hospital.  Defendant Garcia found that

7  Plaintiff was presenting with chronic perineal infection, and on March 30, 2010, Defendant Garcia

8  performed surgery on Plaintiff in an attempt to clear up the boils.

9      Several months later, Plaintiff was readmitted to the hospital after he failed to heal from

10  the surgery and the area around the surgical site became infected.  Plaintiff was kept at the prison's

11  hospital for several more months, where he continued to develop painful, infected, open boils.

12      Plaintiff was then seen and treated by Defendant Freeman, a contract physician.  However,

13  a week after Defendant Freeman attempted to re-suture Plaintiff's wounds, the wounds opened up

14  again and became infected, causing Plaintiff additional pain and suffering.

15      Plaintiff alleges that his treating physician, Defendant Nguyen, did nothing more than

16  order dressing changes on a regular basis.  Bloody pus continued to drain from the open wounds

17  and boils.  Plaintiff's medical problems were beyond "the defendants'" medical training and

18  experience, but they did nothing further for him for twelve months.  (2nd Amend. Comp., ¶33.)

19      Plaintiff was finally seen in September 2011 at the University of California, San Francisco,

20  where he was informed his condition could be treated but it would require major surgery and

21  extensive recovery.  Approximately nine months later, Plaintiff was informed that he would not be

22  getting the surgery because it was too costly.

23      Plaintiff alleges that he continued suffer from his medical condition.  Finally, on January

24  31, 2013, Plaintiff was transferred to California Medical Facility for treatment, where the pattern

25  continues.

**2.      Defendants Garcia and Freeman**

27      With respect to outside physicians Garcia and Freeman, Plaintiff's second amended

28  complaint is devoid of any facts supporting his claim that they acted with deliberate indifference

1  to his medical needs.[1]  The fact that the surgeries or procedures they performed failed to achieve

2  the desired results does not support a claim against them and they are entitled to dismissal.  *Snow*

3  *v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); *Wilhelm*,

4  680 F.3d at 1122.

5  **3.     Defendants Lonigro and Trimble**

6  Likewise, there are no facts supporting a claim against Defendants Lonigro and Trimble.

7  Defendants may not be held liable based solely on their positions of authority at the prison: section

8  1983 requires personal involvement in the violation at issue and liability may not be imposed

9  under a theory of *respondeat superior*.  *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011),

10  *cert. denied*, 132 S.Ct. 2101 (2012); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21

11  (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*,

12  297 F.3d 930, 934 (9th Cir. 2002).

13  The conclusory assertion that Defendants Lonigro and Trimble are "directly and legally

14  responsible" is not a substitute for factual allegations linking them to the violation at issue.  *Doe I*

15  *v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009).  (2nd Amend. Comp., ¶¶16, 18.)  The

16  Court is mindful that prisoners proceeding pro se in civil rights actions are entitled to have their

17  pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627

18  F.3d 338, 342 (9th Cir. 2010), but the standard is not so lenient as to "unlock the doors of

19  discovery for a plaintiff armed with nothing more than conclusions," *Ashcroft v. Iqbal*, 556 U.S.

20  662, 678-79, 129 S.Ct. 662 (2009).  The sheer possibility that a defendant has acted unlawfully

21  does not suffice and Defendants Lonigro and Trimble are entitled to dismissal.  *Id.* at 678

22  (quotation marks omitted).

23  ///

24

25  [1] The presumption is that "conduct by private actors is not state action," *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1000 (2012), but "'state action may be found if . . .

26  there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself,'" *Florer*, 639 F.3d at 924 (quoting *Brentwood Academy v. Tennessee Secondary*

27  *School Athletic Assoc.*, 531 U.S. 288, 295, 121 S.Ct. 924 (2001)).  For purposes of screening, the Court will assume these outside physicians were acting under color of state law by virtue of their contract with the state.  *West v. Atkins*,

28  487 U.S. 42, 54, 108 S.Ct. 2250 (1988) (citations omitted).

### 4.   Defendant Nguyen

Finally, Defendant Nguyen was Plaintiff's primary care physician at the prison. A complete denial of medical care is not required to show deliberate indifference. *Lopez v. Smith*, 203 F.3d 1122, 1132 (9th Cir. 2000). "The Eighth Amendment requires that prison officials provide a system of ready access to adequate medical care." *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995). "[M]edical staff must be competent to examine prisoners and diagnose illnesses," and must either "be able to treat medical problems or to refer prisoners to others who can." *Hoptowit*, 682 F.2d at 1253.

In light of Plaintiff's serious medical condition, a condition which presented challenges prison medical staff acknowledged being unequipped to address, the allegation that Defendant Nguyen, Plaintiff's primary care physician, failed to take any action beyond regular dressing changes for one year is sufficient to support a claim under the Eighth Amendment.

### C.   Conspiracy Claim

Plaintiff also alleges a conspiracy claim under section 1985, which provides a cause of action for conspiracy to deny equal protection of the laws. *Bretz v. Kelman*, 773 F.2d 1026, 1027-28 (9th Cir. 1985). Given the nature of Plaintiff's claim, which has been consistent across three pleadings, there is no support his reliance on section 1985 for redress. There are no facts pled, nor have there ever been, which even hint at the possibility of racial or class-based discrimination against Plaintiff. *Bretz*, 773 F.2d at 1028-1030. Accordingly, Plaintiff's section 1985 conspiracy claim fails as a matter of law.[2]

### D.   IIED Claim

Plaintiff next alleges a claim under California law for intentional infliction of emotional distress (IIED). The Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2,

---

[2] To the extent Plaintiff's claim should be construed as brought under section 1983, there are still no facts pled, nor have there ever been, supporting the existence of a conspiracy to violate Plaintiff's rights. *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001).

945.4, 950-950.2.   Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit; and to state a tort claim against a public employee, Plaintiff is required to allege in his complaint facts demonstrating compliance with the Government Claims Act.  *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 208-09 (Cal. 2007); *State v. Superior Court of Kings Cnty. (Bodde)*, 32 Cal.4th 1234, 1239 (Cal. 2004); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).   Plaintiff's bald assertion that he complied with the Government Claims Act does not suffice to demonstrate he timely presented a claim or that compliance with the claims statute was excused.[3]  *Shirk.*, 42 Cal.4th at 209.

In addition to that deficiency, Plaintiff's second amended complaint contains no facts which support a claim for IIED, the elements of which are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.  *Corales v. Bennett*, 567 F.3d 554, 571 (9th Cir. 2009) (quotation marks omitted); *Tekkle v. United States*, 567 F.3d 554, 855 (9th Cir. 2007); *Simo v. Union of Needletrades, Industrial & Textile Employees*, 322 F.3d 602, 621-22 (9th Cir. 2003).  The crux of Plaintiff's claims is and has been the denial of adequate treatment for his challenging medical condition, and the facts set forth in Plaintiff's second amended complaint do not support the existence of an IIED claim.

### E.   Relief Sought

Finally, in addition to damages, Plaintiff seeks a declaration that his rights were violated and an injunction requiring he be provided with proper medical care.  Because Plaintiff's claim for damages necessarily entails a determination whether his rights were violated, his separate request for declaratory relief is subsumed by that claim.  *Rhodes v. Robinson*, 408 F.3d 559, 565-66 n.8 (9th Cir. 2005) (quotation marks omitted).  Further, because Plaintiff is no longer incarcerated at Pleasant Valley State Prison, he lacks standing to pursue a claim for injunctive relief against

---

[3] The Court notes that Plaintiff's prior two pleadings alleged only compliance with the prison grievance system and his original complaint was supported with prison grievance system documents.

1   Defendant Nguyen. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130 (1992);

2   *Alvarez v. Hill*, 667 F.3d 1061, 1063-64 (9th Cir. 2012); *Nelson v. Heiss*, 271 F.3d 891, 897 (9th

3   Cir. 2001); *see also* 18 U.S.C. § 3626(a)(1)(A) ("Prospective relief in any civil action with respect

4   to prison conditions shall extend no further than necessary to correct the violation of the Federal

5   right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective

6   relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to

7   correct the violation of the Federal right, and is the least intrusive means necessary to correct the

8   violation of the Federal right.")

9       Accordingly, Plaintiff is limited to seeking damages for the past violation of his rights at

10  Pleasant Valley State Prison.

11  **III.    Order**

12      This action for damages shall proceed on Plaintiff's second amended complaint against

13  Defendant Nguyen for violation of the Eighth Amendment.  All other claims and defendants are

14  dismissed, with prejudice, for failure to state a claim.  Plaintiff was twice provided with detailed

15  screening orders and the events giving rise to his legal claims - the denial of adequate medical care

16  for his challenging condition - have been consistent across three pleadings.  As a result, further

17  leave to amend to cure the deficiencies identified in this order is not warranted.  *Lopez*, 203 F.3d at

18  1130.

19      Based on the foregoing, the Court HEREBY ORDERS as follows:

20      1.      Plaintiff's second amended complaint, lodged on May 16, 2013, shall be filed;

21      2.      Plaintiff's Eighth Amendment claims against Defendants Garcia, Freeman,

22  Longoria, and Trimble are dismissed, with prejudice, for failure to state a claim;

23      3.      Plaintiff's conspiracy and intentional infliction of emotional distress claims are

24  dismissed, with prejudice, for failure to state a claim;

25      4.      This action, which is limited to damages, shall proceed on Plaintiff's Eighth

26  Amendment medical care claim against Defendant Nguyen; and

27  ///

28  ///

7

1      5.      This matter is referred back to the Magistrate Judge to initiate service of process.

2

3    IT IS SO ORDERED.

4    Dated:   November 5, 2013              _____

                                            SENIOR  DISTRICT  JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28