# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS PERRY,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN GARCIA, et al.,<br><br>    Defendants.<br>_____/ | Case No.  1:12-cv-00312-AWI-SKO (PC)<br><br>ORDER (1) DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE AND (2) DENYING PENDING MOTION AS MOOT<br><br>(Docs. 41 and 42) |

    Plaintiff Lewis Perry ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 21, 2012.  This action for damages is proceeding on Plaintiff's second amended complaint against Defendant Nguyen ("Defendant") for violation of the Eighth Amendment of the United States Constitution with respect to medical care.

    Defendant filed a motion for summary judgment on May 11, 2015.  Fed. R. Civ. P. 56.  Plaintiff did not respond to the motion and on June 22, 2015, the Court issued an order requiring Plaintiff to file an opposition or a statement of non-opposition to Defendant's motion within twenty-one days.  Local Rule 230(*l*).  More than twenty-one days have passed, and Plaintiff has not complied with or otherwise responded to the order.

    The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *In re Phenylpropanolamine (PPA) Products*

*Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).

"The public's interest in expeditious resolution of litigation always favors dismissal," *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation and internal quotation marks omitted), and Court's need to manage its docket weighs in favor of dismissal, as "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants," *Pagtalunan*, 291 F.3d at 642 (citation and internal quotation marks omitted).  However, the Court is constrained to find that the prejudice factor weighs against dismissal because the mere pendency of an action does not constitute prejudice; and public policy favors disposition on the merits, which weighs against dismissal. *In re PPA*, 460 F.3d at 1228; *Pagtalunan*, 291 F.3d at 642-43.

Nevertheless, there are no alternative sanctions which are satisfactory. *In re PPA*, 460 F.3d at 1228-29; *Pagtalunan*, 291 F.3d at 643.  A monetary sanction has little to no benefit in a case in which the plaintiff is proceeding in forma pauperis, and based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the Court is left with no alternative but to dismiss the action for failure to prosecute. *Id.*  This action, which has been pending since 2012, requires Plaintiff's cooperation in its prosecution, the action cannot simply remain idle on the Court's docket, and the Court is not in a position to expend its scant resources resolving an unopposed motion in light of Plaintiff's demonstrated disinterest in continuing the litigation. *Id.*

Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to prosecute; and Defendant's motion for summary judgment (Doc. 41) is DENIED as moot. *In re PPA*, 460 F.3d at 1226; Local Rule 110.

IT IS SO ORDERED.

Dated:   July 22, 2015                                    _____
                                                                        SENIOR   DISTRICT   JUDGE